**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**VINCENT BAISI,**

       **Plaintiff,**

**v.**                            **Case No. 3:24-cv-00378**

**OFFICER C. R. ONG;**
**BLAIR HUDSON; and**
**STATE OF WEST VIRIGNIA,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's complaint under 42 U.S.C. § 1983 and Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). Having considered the Application, the Court **GRANTS** same. The Court notes that Plaintiff has a balance of $93.65 in his inmate account with an average balance of $82.35; therefore, Plaintiff has sufficient funds to make an initial partial filing fee payment. Plaintiff is hereby **ORDERED** to make an initial payment of **$4.00** on or before **September 5, 2024** and to make monthly payments thereafter, on or before the fifth day of each month, equal to 20 percent of the preceding month's income credited to his prisoner account until the full filing fee of $350.00 has been paid. The Western Regional Jail and Correctional Facility, or any other agency or facility having custody of Plaintiff, shall forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's prisoner account exceeds $10, until the full filing fee is paid. *See* 28 U.S.C. 1915(b). It is further **ORDERED** and **NOTICED** that the recovery, if any,

obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to the Plaintiff.

Upon receipt of the initial partial filing fee payment of $4.00, the Clerk of Court is **ORDERED** to issue a summons for Defendant Ong. The Clerk shall provide the summons and a copy of the complaint to the United States Marshals Service. Pursuant to 28 U.S.C. § 1915(d) and Rule 4(c)(3), *Fed. R. Civ. P.,* the United States Marshals Service is **ORDERED** to serve the summons and complaint on Defendant Ong, or his designated agent for service. The Marshals Service shall promptly file the proof of service with the Clerk.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance,

regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983. If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.

With regard to defendants Hudson and the State of West Virginia, Plaintiff's complaint is insufficient to state a claim. Plaintiff provides no information regarding Defendant Hudson and asserts no allegations against that defendant. Moreover, the State of West Virginia is immune from prosecution in a federal lawsuit under § 1983. In light of the governing standards and principles, Plaintiff must amend his complaint in order for the undersigned to complete a preliminary review of the merits of the claims against Defendants Hudson and the State. Without such an amendment, Plaintiff's complaint against these defendants will be subject to dismissal. Therefore, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** and cure the following deficiencies in pleading as indicated below:

1.     The State of West Virginia is not a "person" subject to liability for money damages under 42 U.S.C. § 1983. Therefore, if Plaintiff claims that a person or persons acting under color of state law violated his federal civil or constitutional rights, he must amend his complaint to name the individual or individuals as defendant(s). If Plaintiff does not know the name of a relevant person, Plaintiff shall list that person as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and shall further identify the person in the body of the complaint by description, date/time of contact, alleged act, or

in some other manner that assists the Court in determining the identity and number of individual defendants in the action, as well as the specific reason that each person is included in the complaint. To the extent Plaintiff knows partial names, he shall include those parts (e.g. Officer Ronald LKU ('last name unknown")).

2.    Plaintiff must set forth factual allegations stating who Defendant Hudson is and how and when Defendant Hudson allegedly violated Plaintiff's rights.

**Plaintiff is hereby notified that:** (1) no action will occur on his case until the initial partial filing fee is paid; and (2) he is obligated as a *pro se* plaintiff to promptly advise the Clerk of Court of any changes in his address. Failure to pay the fee or provide updated contact information shall result in a recommendation that the complaint be dismissed.

**Plaintiff is also advised** that 28 U.S.C. § 1915 governs actions in which a prisoner seeks to proceed without prepayment of fees or costs ("*in forma pauperis*"). Section 1915(g) of the statute includes a "three strikes" rule, stating as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

According to the Court's docket, Plaintiff has filed four lawsuits under 42 U.S.C. § 1983 and one habeas petition in this Court in the past six months. In all of these cases, he has filed an Application to Proceed Without Prepayment of Fees and Costs. One of the cases has been dismissed for failure to state a claim. *See Baisi v. Western Regional Jail,* Case No. 3:24-cv-00163 (S.D.W. Va. Mar. 29, 2024), at ECF Nos. 4, 5, 6. If one or more of his remaining cases are dismissed for any of the reasons set forth above, Plaintiff may earn

strikes. Therefore, Plaintiff may wish to carefully review the cases he has filed and determine whether he wishes to proceed with all of these actions.

The Clerk is instructed to provide a copy of this Order to Plaintiff; the Administrator of the Western Regional Jail and Correctional Facility; and the United States Marshals Service.

**ENTERED**: August 7, 2024

Cheryl A. Eifert
United States Magistrate Judge