### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**VINCENT BAISI,**

      **Plaintiff,**

**v.**                                                    **Case No. 3:24-cv-00378**

**OFFICER C.R. ONG;**
**BLAIR HUDSON;**
**STATE OF WEST VIRIGNIA,**

      **Defendants.**

### <u>MEMORANDUM OPINION AND ORDER</u>

Pending is Plaintiff's Motion for the Assistance of Counsel. (ECF No. 3). For the following reasons, the Motion is **DENIED**. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") recently discussed the appointment of counsel in civil cases brought by indigent prisoners. *See Jenkins v. Woodard,* 109 F.4th 242 (4th Cir. 2024). The Fourth Circuit reiterated that the provision of counsel is not mandatory in civil cases; rather, district courts have discretion to appoint counsel. However, a district court abuses that discretion if it declines to appoint counsel in a case where "an indigent person presents exceptional circumstances." *Id.,* at *4 (quoting *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989)). To determine if exceptional circumstances exist, the district court must conduct a fact specific, two-part inquiry. *Id.* As the Fourth Circuit explained:

> That inquiry requires the court to determine (1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to

present it. If both questions are answered affirmatively, the case presents exceptional circumstances.

*Id.* (internal markings and citations omitted). Considering the first inquiry, Plaintiff claims that he was falsely imprisoned based upon his past record and not on the circumstances presented to the defendants. Plaintiff alleges that after he paid the required bond, the State of West Virginia dismissed the case due to lack of evidence. Plaintiff has a constitutional right to be free from unlawful searches and seizures; thus, assuming the truth of his allegations, his claim is colorable. It is too early in the process, however, to determine whether the claim is meritorious.

Examining the second inquiry, the claim is not particularly complex. Whether or not Plaintiff was falsely imprisoned should not be difficult to establish. He has very clearly explained the factual circumstances he experienced and has highlighted the nature of his claim. Although Plaintiff asserts that he needs the assistance of counsel to demonstrate his case "in its best light and its entirety", he has proven himself to be extremely articulate through his various written motions in this case and in other cases he currently has pending in this Court. Plaintiff certainly does not possess the subjective limitations discussed in the *Jenkins* case. Jenkins suffered from severe mental illness and the record lacked any evidence that Jenkins could competently or coherently present his claims. *Jenkins,* 109 F.4th at 249-50. In contrast, Plaintiff here appears quite capable of presenting his case at this stage of the litigation.

The primary reasons given by Plaintiff for the appointment of counsel are that he is indigent, has not been able to find a lawyer willing to take his case, and needs a lawyer to best present the case. (ECF No. 3 at 1-2). These reasons are not exceptional. *Id.* at 249 (confirming that "inexperience and incarceration alone do not warrant appointment of

counsel."). This Court has previously explained basic procedures to Plaintiff and given him guidance on how to obtain information he seeks. The litigation is limited in scope and time and is not at a point in its development where Plaintiff has faced difficulties proceeding. **Plaintiff is advised**, however, that if the circumstances of the case change (for example, it proceeds to trial), he can renew his request for counsel. But, at this time, he has not demonstrated exceptional circumstances meriting the appointment of counsel.

The Clerk is directed to provide a copy of this Order to Plaintiff.

**ENTERED:** August 20, 2024

Cheryl A. Eifert
United States Magistrate Judge